UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRIE LEMCOOL,

    Petitioner,

v.                                               Case No. 8:05-cv-379-T-23EAJ

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Lemcool petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges her conviction for arson, for which conviction Lemcool serves twenty years. Numerous exhibits ("Respondent's Exhibit __") support the response (Doc. 11). The respondent admits the petition's timeliness (Response at 4 Doc. 11). The petition lacks merit.

## **FACTS**[1]

Lemcool was renting a room in a home that a family was renovating and purchasing through a rent-to-own arrangement. Lemcool's brother (a quadriplegic) was assisting the family with acquiring building materials. After drinking several beers the evening of August 21, 2000, Lemcool became angry with the amount of material left in her room. Lemcool demanded her money refunded and she removed her personal property from the home. Lemcool threatened to "burn the fucking house down."

---

[1] This summary of the facts derives from Lemcool's brief on direct appeal (Respondent's Exhibit D-2).

Lemcool's brother concurred in the threat. Family members reported that several people had heard both Lemcool and her brother make similar threats. The family was awakened around 4:00 a.m. the next morning by the sound of a fire. Their home was engulfed in flames. All members of the family escaped.

The fire marshal determined that the fire was intentionally caused, specifically that an accelerant, possibly gasoline, was used to cause the fire to spread. The family members reported smelling gasoline or kerosine before escaping the home. The following morning Lemcool was questioned by the police. Lemcool had second degree burns on her arms, which she claimed occurred during a bonfire the previous evening. Lemcool's brother frequently hosted bonfires in a pit in the backyard. Lemcool's brother denied that a backyard fire was lit the previous evening and claimed that Lemcool burned herself in the kitchen. The state fire marshal described the burns as inconsistent with a kitchen burn but consistent with "burns on someone who has introduced an ignition source to an enclosed area that has [ignitable] vapors in it." Transcript at 294, Respondent's Exhibit B.

## **STANDARD OF REVIEW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect

> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an
>> unreasonable application of, clearly established Federal law,
>> as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable
>> determination of the facts in light of the evidence presented in
>> the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal
> habeas court to grant a state prisoner's application for a writ of habeas
> corpus with respect to claims adjudicated on the merits in state court. Under
> § 2254(d)(1), the writ may issue only if one of the following two conditions is
> satisfied--the state-court adjudication resulted in a decision that (1) "was
> contrary to . . . clearly established Federal Law, as determined by the
> Supreme Court of the United States," or (2) "involved an unreasonable
> application of . . . clearly established Federal law, as determined by the
> Supreme Court of the United States." Under the "contrary to" clause, a
> federal habeas court may grant the writ if the state court arrives at a
> conclusion opposite to that reached by this Court on a question of law or if
> the state court decides a case differently than this Court has on a set of
> materially indistinguishable facts. Under the "unreasonable application"
> clause, a federal habeas court may grant the writ if the state court identifies
> the correct governing legal principle from this Court's decisions but
> unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002); Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

The state appellate court affirmed (Respondent's Exhibit F) Lemcool's conviction and sentence on direct appeal in a per curiam decision without a written opinion, and

- 3 -

likewise affirmed (Respondent's Exhibit J) the denial of her subsequent Rule 3.850 motion for post-conviction relief. The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Lemcool bears the burden of overcoming a state court factual determination by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to a finding of fact, not a mixed determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). Consequently, this court must defer to the finding of fact in the state court's rejection of Lemcool's post-conviction claims (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit H).

## **INVALID HABEAS CLAIMS**[2]

Lemcool's first two grounds object to the state court's processing of her post-conviction review. The first ground involves the processing of the appeal from the denial of her motion for post-conviction relief.[3] Because the ground asserts no challenge

---

[2] The response contains the typical boiler-plate language on procedural bar, specifically regarding exhaustion and abandonment, but never identifies which specific grounds are precluded from review. The response simply asserts that "some grounds" are procedurally barred.

[3] Lemcool timely filed her notice of appeal but she filed it with the district court instead of the circuit court. Upon discovery of the error, the circuit court directed the district court to proceed with the
(continued...)

to the validity of the conviction or sentence, ground one asserts no claim reviewable in a petition for the writ of habeas corpus. Apparently (although not certainly), in ground two Lemcool objects to the state court's construing her petition for the writ of habeas corpus as a Rule 3.850 motion for post-conviction relief. After the denial and appeal of her Rule 3.850 motion for post-conviction relief, Lemcool filed a "petition for the writ of habeas corpus" (Respondent's Exhibit K), which the circuit court summarily denied as successive. The state court's construing her petition for the writ of habeas corpus as a motion for post-conviction relief asserts no federal challenge to the validity of her conviction or sentence.

## **ANALYSIS**

In grounds three and four, Lemcool challenges the adequacy of the state's evidence. First, Lemcool alleges that the conviction is based on an impermissible stacking of inferences, specifically that the state failed to prove either the cause of the fire or produce evidence linking her to the fire. Essentially, Lemcool presents a due process challenge to the sufficiency of the evidence.

The Due Process Clause of the Fourteenth Amendment prohibits a criminal conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime." In re Winship, 397 U.S. 358, 364 (1970). The standard of review in a federal habeas corpus proceeding, in which a petitioner challenges the sufficiency of the evidence, was established in Jackson v. Virginia, 443 U.S. 307, 324 (1979).

---

³(...continued)
notice of appeal. The state court applied no procedural bar on the appeal. Consequently, Lemcool was not prejudiced regarding the notice of appeal.

> We hold that in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254—if the settled procedural prerequisites for the claim have otherwise been satisfied—the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.

The focus is on whether some rational trier of fact could have found proof beyond a reasonable doubt, not whether the habeas court believes the evidence. Jackson v. Virginia, 443 U.S. at 318-19 ("[T]his inquiry does not require a court to 'ask itself whether *it* believes that the evidence at trial established guilt beyond a reasonable doubt.'") (quoting Woodby v. INS, 385 U.S. 276, 282 (1966)).

A federal court, reviewing a state conviction in a habeas proceeding, must defer to a jury's credibility determination in weighing conflicting evidence.

> The federal courts have consistently reiterated that this standard for weighing the constitutional sufficiency of the evidence is a limited one. It is not required that the evidence rule out every hypothesis except that of guilt beyond a reasonable doubt. Faced with a record of historical facts that supports conflicting inferences, we must presume that the jury resolved such conflicts in favor of the prosecution, deferring to the credibility of the evidence. The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief.

Wilcox v. Ford, 813 F.2d 1140, 1143 (11th Cir.) (footnote and citations omitted), cert. denied, 484 U.S. 925 (1987). Accord Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2001) ("Although each element of the offense must be established beyond a reasonable doubt . . . the State is not required to rule out every hypothesis except that of the guilt of the defendant") (citations omitted). In other words, a federal court must defer to a jury's judgment in assessing a witness's credibility and weighing the evidence. The

evidence as recited above as well in the response[4] is more than ample for a jury to find that Lemcool committed the arson, especially Lemcool's threats, her burns, and her conflicting explanation of the cause of the burns compared to her brother's explanation.

In ground five, Lemcool alleges several instances of ineffective assistance of counsel. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of

---

[4] The response summarizes the evidence at pages 12-14 (Doc. 11).

its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. at 690.

Lemcool must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland v. Washington, 466 U.S. at 691-92. To meet this burden, Lemcool must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland v. Washington, 466 U.S. at 690-91. Lemcool cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the

> circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)). See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Lemcool must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The state court conducted an evidentiary hearing and denied the claims of ineffective assistance of counsel as follows:

> For an ineffective assistance of counsel claim to be meritorious, a defendant must first identify omissions by his attorney that were outside the "broad range of reasonably competent performance under prevailing professional standards." See Kennedy v. State, 547 So. 2d 912, 913 (Fla. 1989) (citing Strickland v. Washington, 466 U.S. 668 (1984)). The defendant must further prove that the omission "so affected the fairness and reliability of the proceeding that confidence in the outcome is undermined." Id. at 913 (citing Strickland). The Court need not make a specific ruling on the performance by trial counsel when "it is clear that the prejudice component is not satisfied." Id. at 914. Further, the Court must apply a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. See State v. Hanania, 715 So. 2d 984, 985 (Fla. 2d DCA 1998).

Respondent's Exhibit H. Because the state court correctly recognized that <u>Strickland</u> governs each claim of ineffective assistance of counsel, Lemcool cannot meet the "contrary to" test in Section 2254(d)(1). Lemcool instead must show that the state court unreasonably applied <u>Strickland</u> or unreasonably determined the facts.

First, Lemcool alleges that trial counsel rendered ineffective assistance by failing to object to the state's failure to prove the corpus delicti. As discussed above, the state presented sufficient evidence to prove the corpus delicti. Consequently, counsel's performance was neither deficient nor prejudicial. Second, Lemcool faults counsel for not adequately investigating and preparing a defense for trial. As the response details,[5] defense counsel mounted a detailed and well-orchestrated attack on the state's evidence. Unfortunately for Lemcool, defense counsel was unable to convince the jurors that Lemcool was not guilty.

Accordingly, Lemcool's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Lemcool and close this case.

ORDERED in Tampa, Florida, on March 31, 2009.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[5] Response at 16-19 (Doc. 11).